THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CELSO VELEZ, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered August 11, 1971, convicting him of man-

slaughter in the first degree, upon a guilty plea, and imposing sentence. The appeal brings up for review the denial of pretrial motions to suppress certain physical evidence, namely a cufflink, and identification evidence. Case remanded to the Criminal Term for a determination as to whether the improper showup identification tainted the identification or whether the identification was based solely upon the on-the-scene observations. The appeal will be held in abeyance in the interim, except that we presently hold that the motion to suppress the cufflink should have been granted. We are of the opinion that under the facts of this case it was unnecessary to have a showup of defendant in the hospital since there was no indication that the victim was in any danger of dying (see *Stovall* v. *Denno,* 388 U. S. 293). While *Stovall* involved a hospital showup which was eventually condoned under the unusual circumstances there present, the opinion pointed out that the practice of showing suspects singly to persons for the purpose of identification and not as part of a lineup had been widely condemned. Since we find that the identification at the hospital was so unnecessarily suggestive and conducive to erroneous identification that it violated due process of law, it was incumbent upon the People to establish by clear and convincing evidence that the identification was based upon observations of defendant at the scene and not on the improper showup (*People* v. *Logan,* 25 N Y 2d 184, 191; *People* v. *Ballott,* 20 N Y 2d 600). Since the hearing court found that the showup was not unnecessarily suggestive, it never reached the secondary issue. Accordingly, we remand the case for a determination of that issue and we hold the appeal in abeyance in the interim. With respect to the motion to suppress the cufflink, we find that the police exceeded permissible bounds in searching a second room of the apartment at a time when the two occupants were in one room and apparently under the control of five officers (*Chimel* v. *California,* 395 U. S. 752). Thus, the motion to suppress the cufflink should have been granted. Latham, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.